UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELISE HOWELL, ET AL.**                                             **CIVIL ACTION**

**VERSUS**                                                            **NO. 21-2277**

**WALLACE OVERTON, ET AL.**                                      **SECTION "B"(2)**

### ORDER & REASONS

Considering plaintiffs Elise Howell and John Howell's complaint and emergency request for injunctive relief (Rec. Doc. 1), and the absence of factual allegations in support of diversity jurisdictional amount,

**IT IS ORDERED that no later than Tuesday December 14, 2021** plaintiffs shall submit a written response to below noted contemplated actions and reasons **with** factual support and clarification of their contention that damages exceed the $75,000 threshold for diversity jurisdiction in this matter. Failure to timely comply with this order and satisfy noted deficiency will result in the following actions with assigned reasons:

The emergency request for injunctive relief will be **DENIED** for lack of federal subject matter jurisdiction; and plaintiffs' claims against defendants will be **DISMISSED WITHOUT PREJUDICE,** with each party to bear its own costs.

Plaintiffs allege federal diversity jurisdiction under 28 U.S.C. § 1332. Rec. Doc. 1 at 1. To satisfy diversity jurisdiction, plaintiffs must show that the amount in controversy "exceeds the

1

sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different states." 28 U.S.C. § 1332. The party invoking federal jurisdiction "bears the burden of establishing the amount in controversy by a preponderance of the evidence." *Hartford Ins. Grp. V. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

As the party invoking federal jurisdiction, plaintiffs have not alleged factual support for conclusory allegations that the amount in controversy exceeds the jurisdictional threshold. *See* Rec. Doc. 1. Their complaint alleges defendants adopted plaintiffs' Himalayan kitten, Mac, with the intention of subjecting Mac to an onychectomy[1] in violation of the parties' adoption agreement. Rec. Doc. 1 at 4-5. According to plaintiffs, the onychectomy is currently scheduled for early January 2022. *Id.* at 13. Without alleging factual support, plaintiffs **conclude** the diversity amount is met because they suffered financial injuries, injuries to property, harassment, intimidation, emotional distress, and mental anguish in connection with defendants' alleged fraudulent misrepresentation, breach of contract, theft by wrongful conversion, criminal misappropriation without violence, felony possession of stolen goods, animal cruelty, and intentional

---

[1] Otherwise known as "declawing," onychectomy is an "elective surgery that requires removal of the third phalanx that renders cats unable to scratch." Kyle Clark, et al., *Comparison of Three Methods of Onychectomy*, 55 CAN. VETERINARY J. 255, 255 (2014), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3923482/.

2

and/or negligent infliction of emotional distress. *Id.* at 6-12, 14. At this stage, we can accept as true for now that damages would include the latter listing. However, we cannot reasonably conclude without factual support that such damages under present circumstances and Louisiana state law would exceed $75,000.

Plaintiffs must allege factual support demonstrating the value of the injuries will exceed $75,000. Mac's value is purportedly $2,800.00. *Id.* at 3. Moreover, if plaintiffs are entitled to emotional damages, the award would most likely not exceed $2,000.00 under applicable state law. *See Smith v. Univ. Animal Clinic, Inc.*, p. 5-6 2009-745 (La. App. 3 Cir. 2/10/10); 30 So.3d 1154, 1158-59 (finding emotional damage awards for loss or injury to animals generally range between $500 and $2000[2]). Without a more definite statement of facts, federal subject matter jurisdiction under § 1332 is lacking. Plaintiffs may pursue their claims in state court if they so choose.

New Orleans, Louisiana this 10th day of December 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Even when taking inflation into account, the total damage award today would not come close to exceeding $75,000.

3